**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cory McMillan, Appellant,

v.

UCI Medical Affiliates, Inc. d/b/a Doctors Care and Jane Doe, Respondents.

Appellate Case No. 2015-002260

———————

Appeal From Kershaw County
DeAndrea G. Benjamin, Circuit Court Judge

———————

Unpublished Opinion No. 2017-UP-145
Submitted January 1, 2017 – Filed April 5, 2017

———————

**AFFIRMED**

———————

James Joseph Kasprzycki, Jr., of Kenneth Nugent, PC, of Savannah, Georgia, for Appellant.

Dennis Gary Lovell, Jr. and William Joseph Farley, III, both of Carlock Copeland & Stair, LLP, of Charleston, for Respondents.

———————

**PER CURIAM:** Cory McMillan appeals the circuit court's order granting UCI Medical Affiliates, Inc.'s (UCI Medical's) motion to dismiss, arguing the circuit court erred in dismissing his claim for failing to comply with the pre-litigation

requirements for medical malpractice cases under section 15-79-125 of the South Carolina Code (Supp. 2016).  McMillan argues he was not required to comply with the statutory pre-litigation requirements because his complaint did not allege medical malpractice; rather, he contends his action is an ordinary negligence action because he was not receiving medical care when he fell during the administration of a pulmonary function test (PFT).  We affirm.[1]

McMillan argues the factual allegations in his complaint are similar to those in *Dawkins v. Union Hospital District*, in which the Supreme Court of South Carolina held a plaintiff's claim was an ordinary negligence claim because she alleged she was injured when she fell on the way to the restroom while at the hospital prior to receiving treatment.  408 S.C. 171, 178-79, 758 S.E.2d 501, 504-05 (2014).  In *Dawkins*, the court noted the plaintiff's complaint "ma[de] clear that she had not begun receiving medical care at the time of her injury" and did not allege she received "negligently administered medical care."  *Id.* at 178, 758 S.E.2d at 505.  In contrast, McMillan alleged in his complaint he was injured because the employee was negligent in failing to "safely and properly supervise and/or monitor [him] while administering the pre-employment PFT" and UCI Medical was negligent in failing to properly train her.  Therefore, the circuit court properly found McMillan's complaint alleged medical malpractice.  *See id.* at 177, 758 S.E.2d at 504 ("[I]f the patient receives allegedly negligent professional medical care . . . the action sounds in medical malpractice.").  Because McMillan failed to comply with the statutory pre-litigation requirements for medical malpractice, the circuit court properly dismissed the action.  *See* S.C. Code Ann. § 15-36-100(C)(1) (Supp. 2016) (providing failure to contemporaneously file an expert affidavit in a medical malpractice action subjects the plaintiff's complaint to dismissal for failure to state a claim).

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.